IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy Shay Sweat, ) | Case No. 2:23-cv-06419-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Bright Heart, *Associate Warden*; ) | |
| Pippines; Officer Johnson, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 52.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On June 5, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be granted. [Doc. 59.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 19.] Plaintiff filed objections to the Report on June 17, 2025. [Doc. 61.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate

Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations.* Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion for summary judgment [Doc. 52] is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

July 1, 2025
Charleston, South Carolina

---

* The Magistrate Judge concluded in part that Plaintiff failed to exhaust his administrative remedies with respect to his constitutional claims because Plaintiff did not refile the Step 1 grievance to move forward with the grievance process. [Doc. 59 at 16–17.] In his objections, Plaintiff states that he was not able to refile his grievance because it was not returned to him until after the deadline to refile. [Doc. 61 at 1.] However, Plaintiff also states that he has "no proof of the date [he] received the grievance" because he "got aggravated and thr[ew] the gri[e]v[a]nce in the [t]rash." [*Id*.] Because Plaintiff has not provided the Court with evidence that he properly exhausted his administrative remedies, the Court overrules this objection.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.